IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AARON SHOEMAKER,

    Plaintiff,

v.                                                           Civ. No. 09-609 JP/ACT

SHERIFF OF SAN MIGUEL COUNTY, NEW MEXICO,
and JOHN DOE, DEPUTY SHERIFF OF
SAN MIGUEL COUNTY, NEW MEXICO

    Defendant.

## MEMORANDUM OPINION AND ORDER

On December 2, 2009, Defendant Sheriff of San Miguel County ("Sheriff") filed a Motion to Dismiss (Doc. No. 10) under Fed. R. Civ. P. 12 (b)(6). Plaintiff Aaron Shoemaker ("Shoemaker") has not filed a response to the Sheriff's motion, nor has he filed with the Court a notice of an agreed upon extension of time to file his response. Having considered the Sheriff's motion, the relevant provisions of the Local Rules of Civil Procedure, and the applicable law, the Court finds that the Sheriff's Motion to Dismiss should be granted.

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint does not need to include detailed factual allegations, "factual allegations must be

enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009)(citations omitted).

## BACKGROUND

On June 23, 2006,[1] Plaintiff Aaron Shoemaker was involved in a single vehicle accident caused by a tire blow-out near Conchas Lake in San Miguel County, New Mexico. (Compl. ¶ 7.) Following the accident, Shoemaker traveled to the Conchas Lake Ranger Station to report the accident. (*Id.* ¶ 8.) Shoemaker claims that at some point during his stop at the Ranger Station, an unidentified Deputy Sheriff with the San Miguel County Sheriff's Department "arrived at the Ranger Station and immediately without justification or cause falsely arrested Plaintiff alleging he was driving while intoxicated." (*Id.* ¶¶ 7, 9.) According to Shoemaker, the Deputy Sheriff subjected Shoemaker to a "breathalyzer" test, which allegedly revealed that Shoemaker had not been drinking, but the Deputy nevertheless continued to detain Shoemaker and attempted to alter the results of the testing device. (*Id.* ¶ 10-11.) Shoemaker then claims that the Deputy

---

[1] Although Shoemaker's Complaint states that the date of the incident at issue was June 23, 2009 (Compl. at 2), the Court notes the impossibility of that timing given that Shoemaker filed his complaint on June 22, 2009, one day before the date listed in his complaint. As the timing of the incident is not material to merits of Shoemaker's claim, the Court will accept the June 23, 2006 date provided by the Sheriff as the date on which the events giving rise to this case occurred.

transported Shoemaker to a rural fire station and chained him to the bumper of a fire truck for several hours.  (*Id*. ¶ 12.)  Finally, Shoemaker asserts that despite his requests for an independent blood test, presumably to determine whether he was intoxicated, he was never provided one.  (*Id*. ¶ 13.)

In a single sentence in his barely three page complaint, Shoemaker alleges that "Defendants, each of them violated the right an immunities secured to Plaintiff under the Constitution of the United States to be free of false arrest and cruel and unusual punishment." (*Id*. ¶ 14.)  Shoemaker has named as defendants the Sheriff and one "John Doe" Deputy Sheriff.

## DISCUSSION

The Sheriff moves under Fed. R. Civ. P. 12 (b)6) to dismiss Shoemaker's claims against him, asserting that Shoemaker has not alleged "any personal involvement in (or even any personal knowledge about) the incident on the part, of the Sheriff." (Mot. at 2.)  Likewise, the Sheriff argues that Shoemaker has made "no allegations whatsoever that would create any basis for the imposition of supervisory liability against San Miguel County itself or against its Sheriff in his official capacity." (*Id*. at 4.)  As noted above, Shoemaker has not responded to the Sheriff's motion.  Under D.N.M.LR-Civ. 7.1 (b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."   While the Court could grant the Sheriff's motion on that basis alone, the Court finds that the Sheriff's motion should also be granted on its merits.

It is well settled that claims of federal constitutional violations under § 1983 may not be based on a theory of respondeat superior. *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978).  Instead, where a plaintiff seeks to hold a municipal officer liable in his official capacity for alleged constitutional deprivations, the plaintiff must allege that his injuries were the result of a

"policy or custom." *Novitsky v. City of Aurora*, 491 F.3d 1244, 1259 (10th Cir. 2007); *see also Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 n. 2 (10th Cir. 1998) (suits against a municipal officer acting in his official capacity are treated the same as those against a municipality). The Court notes that at no point in his vague and ambiguous complaint does Shoemaker's reference the Sheriff personally or any conduct, knowledge, or policy attributable to the Sheriff. (*See generally* Compl.) Similarly, the Court, having thoroughly reviewed Shoemaker's complaint, finds that Shoemaker's allegations do not lend themselves to any reasonable inference of misconduct by the Sheriff and certainly come nowhere near even a suggestion that Shoemaker's alleged injuries stemmed from an official policy or custom. In short, Shoemaker has failed to state a cognizable claim against the Sheriff, and, thus, the Sheriff's motion to dismiss should be granted.

Lastly, it appears that Shoemaker has not attempted to identify and serve process on the party sued as "John Doe." Having filed his complaint on June 22, 2009, Shoemaker is already far outside the 120 day limit for identifying and serving the "John Doe" defendant imposed by Fed. R. Civ. P. 4(m). However, in the interests of justice, the Court will allow Shoemaker until February 1, 2010 to file a motion to substitute an individual in place of the person alleged as "John Doe." In the event Shoemaker fails to file a valid motion to substitute by that deadline, the case will be dismissed without prejudice at that time.

**IT IS THEREFORE ORDERED THAT:**

1) Defendant Sheriff of San Miguel County's Motion to Dismiss (Doc. No. 10) is GRANTED;

2) Plaintiff Aaron Shoemaker's claims against Defendant Sheriff of San Miguel County will be dismissed with prejudice; and

3)  Plaintiff Aaron Shoemaker must file a valid a motion to substitute an individual in place of the person alleged as "John Doe" by February 1, 2010, or Shoemaker's claims against the John Doe Defendant will be dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE